JAMES M. ELLIOTT, plaintiff in error, *vs.* THE WESTERN AND ATLANTIC RAILROAD COMPANY, defendant in error.

Where the plaintiff was traveling on a free ticket, which had on its back an indorsement containing certain conditions for his signature, and when he tendered such ticket to the conductor, the latter declined to accept it unless the plaintiff signed such indorsement, and on his refusal either to sign or to pay fare, ejected him from the train, the discretion of the court below setting aside a verdict for $5,000.00 damages, will not be controlled.

Railroads. New Trial. Before Judge McCUTCHEN. Bartow Superior Court. July Term, 1876.

Reported in the decision.

DABNEY & FOUCHE; WRIGHT & FEATHERSTON; C. ROWELL, for plaintiff in error.

AKIN & SON; WOFFORD & MILNER, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the

defendant, to recover damages for putting him off of its train of cars when traveling on its road as a passenger. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff for the sum of five thousand dollars. The defendant made a motion for a new trial on the ground that the verdict was excessive, and on various other grounds contained therein, which was granted by the court, and the plaintiff excepted.

The material facts of the case, as disclosed by the evidence in the record, are, that the plaintiff, on the 6th of July, 1872, got on board of the defendant's cars at Kingston to go to Marietta; that between Kingston and Cass station, the defendant's conductor on its train, came to him, when he handed him a ticket, of which the following is a copy:

"Western and Atlantic Railroad Company, 1872. Pass James M. Elliott, Pres't Ga. and Ala. Steamboat Company, until December 3d, 1872.                         E. B. WALKER, Master Trans."

On the back of the ticket the following words were printed:

"Not transferable. The bearer accepting the privileges of this ticket, assumes all risk of accidents, and expressly agrees that the company shall not be liable, under any circumstances, whether by negligence of their agents or otherwise, for any injury to the person, or for any loss or injury to the property of the passenger using this ticket. I agree to this contract."

When the plaintiff handed the conductor the ticket, he asked him to sign the agreement on the back of it, saying that he had orders to do so, and that the regulations of the company required that all such agreements should be signed. Plaintiff told him he would not sign it. The conductor then demanded payment by the plaintiff of his fare, which he declined to pay. The conductor then said he would have to put him off, and plaintiff replied, "very well." When the cars got to Cass station, the conductor, with a brakeman, came to the plaintiff and told him he must get off the cars. Plaintiff, seeing that he was going to put him off, made no resistance, but went with him to the platform and got off. This was between eleven and

twelve o'clock at night. In view of the facts of this case, as disclosed in the record, there was not such an abuse of the discretion of the court below in granting the new trial, as will authorize this court to interfere and control it.

Let the judgment of the court below be affirmed.